## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHARLENE GAIL TANNER,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and HARLEY-DAVIDSON
FINANCIAL SERVICES,

     Defendant.

CASE NO.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, CHARLENE GAIL TANNER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and HARLEY-DAVIDSON FINANCIAL SERVICES (hereinafter "Harley Davidson") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Wayne County in the State of Michigan. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Harley Davidson is a corporation headquartered at 222 W Adams Street, Suite 2000, Chicago, Illinois 60606 that conducts business in the State of Georgia.

17.     Harley Davidson is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.    Harley Davidson furnished Plaintiff's information to the CRAs which was inaccurate.

## FACTUAL ALLEGATIONS

19.    Plaintiff is alleged to owe a debt to ESB/Harley Davidson as to an automobile loan, account number ending in x8308 (hereinafter "Harley Davidson Account"). Plaintiff does not have a Harley Davidson account, nor has she ever applied or given permission to anyone to apply using her information for an account with Harley Davidson.

20.    In or about the beginning of 2023, Plaintiff started to receive telephone calls from Harley Davidson regarding an alleged Harley Davidson Account.

21.    In or about June 2023, Plaintiff contacted Harley Davidson and advised that the account was not hers and requested copies of the loan documents.

22.    In or about early July 2023, Plaintiff received copies of the loan documents from Harley Davidson and upon review noticed the signature on the loan application was a forged signature.

23.    On or about July 10, 2023, Plaintiff obtained a copy of her Experian credit report. Upon review, Plaintiff observed that the fraudulent Harley Davidson Account was being reported on her credit file with a status of "Open" as of September 2022 and a current balance of $20,301.

24.     On or about July 12, 2023, Plaintiff obtained a copy of her Equifax credit report. Upon review, Plaintiff observed that the fraudulent Harley Davidson Account was being reported on her credit file with a status of "Open" as of September 2022 and a current balance of $20,301.

25.     Such reporting by both Equifax and Experian negatively affected Plaintiff's debt-to-income ratio.

26.     On or about July 18, 2023, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC") (report no. 161867924), informing them that she believed she was a victim of identity theft due to the fraudulent Harley Davidson Account appearing on her credit file.

27.     On July 21, 2023, Plaintiff mailed a detailed written dispute letter to Equifax and Experian disputing the fraudulent Harley Davidson Account. In that letter, Plaintiff explained that the Harley Davidson Account did not belong to her and was most likely the result of identity theft. In the letter, Plaintiff included a copy of her driver's license and Social Security card to confirm her identity. Plaintiff also included images of the erroneous reporting, images from the loan documents with her forged signature, a sample of her actual signature, and a copy of the filed FTC Identity Theft Report.

28.    Plaintiff mailed her written dispute letter via USPS Certified Mail to Equifax (7021 2720 0000 3414 1291) and Experian (7021 2720 0000 3414 1277).

29.    On or about July 30, 2023, Equifax responded by stating they were denying Plaintiff's request to block her information under the FCRA. Equifax also indicated it was forwarding Plaintiff's dispute to Harley Davidson for investigation. However, Plaintiff did not receive dispute results in the mail from Equifax.

30.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

31.    Equifax never attempted to contact Plaintiff during the alleged investigation.

32.    Upon information and belief, Equifax notified Harley Davidson of Plaintiff's dispute. However, Harley Davidson failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33.    Despite confirmation of delivery on July 25, 2023, Plaintiff never received dispute results in the mail from Experian.

34.    Experian failed to do any independent investigation into Plaintiff's dispute.

35.   Experian never attempted to contact Plaintiff during the alleged investigation, nor did Experian respond to Plaintiff's request for an investigation.

36.   On or about August 25, 2023, Plaintiff obtained an updated copy of her Experian credit report. Upon review, Plaintiff observed that the fraudulent Harley Davidson Account was still being reported on her credit file with a status of "Open" with a current balance of $20,346 and 30 days past due in June 2023.

37.   Due to the continued in accurate reporting of Experian and presumably Equifax, on or about November 6, 2023, Plaintiff mailed a second detailed written dispute letter to Equifax and Experian disputing the fraudulent Harley Davidson Account. In that letter, Plaintiff reiterated that the Harley Davidson Account did not belong to her and was most likely the result of identity theft. In the letter, Plaintiff included a copy of her driver's license and Social Security card to confirm her identity. Plaintiff also included images of the erroneous reporting, images from the loan documents with her forged signature, a sample of her actual signature, and a copy of the filed FTC Identity Theft Report.

38.   Plaintiff mailed her written dispute letter via USPS Certified Mail to Equifax (7021 2720 0000 1917 0889) and Experian (7021 2720 0000 1917 0896).

39.    On or about November 14, 2023, Equifax responded to Plaintiff's written dispute letter by stating the Harley Davidson Account was verified as accurate.

40.    Despite providing Equifax with all the relevant information needed to prove the Harley Davidson Account was fraudulent and unauthorized, Equifax continued to report the inaccurate account.

41.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

42.    Equifax never attempted to contact Plaintiff during the alleged investigation.

43.    Upon information and belief, Equifax notified Harley Davidson of Plaintiff's dispute. However, Harley Davidson failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

44.    Despite confirmation of delivery on November 10, 2023, Plaintiff never received dispute results in the mail from Experian. However, upon review of her Experian credit report on December 20, 2023, Plaintiff observed the Harley Davidson Account continued to appear on her credit report with comments regarding the prior dispute investigation stating the item was updated since processing her

dispute. The Harley Davidson Account continued to appear with a status of "Open" with an updated balance of $19,602 and 30 days late in June 2023.

45.    Despite providing Experian with all the relevant information needed to prove the Harley Davidson Account was fraudulent and unauthorized, Experian continued to report the inaccurate account.

46.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

47.    Experian never attempted to contact Plaintiff during the alleged investigation, nor did Experian respond to Plaintiff's request for an investigation.

48.    On or about December 20, 2023, Plaintiff obtained an updated copy of her Equifax and Experian credit reports. Upon review, Plaintiff observed that the fraudulent Harley Davidson Account was still being reported on her credit file with a status of "Open" with a current balance of $19,351 and 30 days past due in June 2023.

49.    Due to the continued inaccurate reporting as of the filing of this Complaint, Plaintiff is in the process of preparing and sending a third detailed written dispute letter to Equifax and Experian.

50.    Despite Plaintiff's best efforts to have the fraudulent Harley Davidson Account corrected, Equifax and Experian continued to report the fraudulent account

on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

51.     Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of Harley Davidson.

52.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

53.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii.   Loss of time attempting to cure the error;

   iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

   iv.   Loss of the ability to benefit from lower interest rates; and

v.     Apprehensiveness to apply for credit due to the fear of rejection.

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

54.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

55.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

57.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

58.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

59.     The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

60.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

61.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

62.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

63.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

64.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

65.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

66.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

67.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 16811i as to
### Defendant, Equifax Information Services LLC (Negligent)

68.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

69.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

70.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

71.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

72.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

73.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
**Violation of 15 U.S.C. § 1681Ii as to**
**Defendant, Equifax Information Services LLC (Willful)**

74.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

75.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

76.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

77.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

78.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

79.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

80.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

81.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

83.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

85.     The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

86.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

87.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

88.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

89.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

90.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

91.    Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

92.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

93.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C. § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

94.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

95.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

96.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

97.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

98.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

99.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violation of 15 U.S.C. § 16811i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

100.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

101.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

102.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

103.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

105.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IX**
**Violation of 15 U.S.C § 1681s-2(b) as to**

**Defendant, Harley-Davidson Financial Services (Negligent)**

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

107.   Harley Davidson furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

108.   After receiving Plaintiff's disputes, Harley Davidson violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

109.   Plaintiff provided all the relevant information and documents necessary for Harley Davidson to have identified that the account was fraudulent.

110.   Harley Davidson did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Harley Davidson by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to

Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

111.   Harley Davidson violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

112.   As a direct result of this conduct, action, and/or inaction of Harley Davidson, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and inaction of Harley Davidson was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

114.   Plaintiff is entitled to recover costs and attorney's fees from Harley Davidson in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual damages against Defendant, HARLEY-DAVIDSON FINANCIAL SERVICES, jointly and severally; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Harley-Davidson Financial Services (Willful)

115.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

116.   Harley Davidson furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

117.   After receiving Plaintiff's disputes, Harley Davidson violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

118.   Plaintiff provided all the relevant information and documents necessary for Harley Davidson to have identified that the account was fraudulent.

119.   Harley Davidson did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had

sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Harley Davidson by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

120.   Harley Davidson violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

121.   As a direct result of this conduct, action, and/or inaction of Harley Davidson, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and inaction of Harley Davidson was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

123.   Plaintiff is entitled to recover costs and attorney's fees from Harley Davidson in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, HARLEY-DAVIDSON FINANCIAL SERVICES, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHARLENE GAIL TANNER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and HARLEY-DAVIDSON FINANCIAL SERVICES, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of January 2024.

Respectfully Submitted,

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*